IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARGARET TRUJILLO,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING BIFURCATION OF BREACH OF CONTRACT AND BAD FAITH CLAIMS AND DENYING BIFURCATION OF DISCOVERY<br><br><br><br>Case No. 1:08-CV-36 TS |

　　In this diversity insurance case, this matter is before the Court on Defendant American Family Mutual Insurance Company's ("American Family") Motion to Bifurcate the pending trial to separate the express breach of contract claim from the breach of good faith and fair dealing claim ("bad faith claim".) The Court will grant American Family's Motion to Bifurcate. However, the same jury will hear both phases of the trial with the express breach of contract being heard first and the bad faith claim being heard thereafter. Defendant's Motion to Bifurcate Discovery on the bad faith claim will be denied.

## I.  BACKGROUND

On December 13, 2004, Trujillo was a passenger in a motor vehicle involved in an accident. A pick-up truck, owned by Hoskins and insured through Guaranty National Insurance Company, was driven by a man named "Bob." A ladder fell from Hoskins' truck causing Trujillo's husband, the driver of the vehicle in which she was a passenger, to brake suddenly. Another driver, Lindsay, insured by Farmers Insurance Company, rear-ended Trujillo's vehicle due to the abrupt braking. Hoskins had liability insurance coverage for $25,000. Lindsay had liability insurance coverage for $100,000. In addition, Trujillo had $100,000 in under-insured motorist coverage with American Family.

As a result of the accident, Trujillo sustained injuries to her right hip, lower back, and neck. Trujillo received the policy limits of $25,000 from Hoskins' insurer and $100,000 from Lindsay's insurer. Trujillo claims that due to this accident she was unable to perform her normal duties in her cleaning business. Trujillo indicates the accident forced her to pay $75,000 in wages to her husband and daughter to perform services that she would have completed but for the accident.

Trujillo seeks to recover from American Family pursuant to her $100,000 policy for under-insured motorist coverage. American Family denied Trujillo's claim on the grounds that Hoskins' and Lindsay's insurance carriers fully compensated Trujillo by paying her a total of $125,000. Trujillo brought claims against American Family for breach of contract for failing to pay on the under-insured motorist claim and breach of the implied covenant of good faith and fair dealing under the policy ("bad faith claim") due to American Family's improper actions in

denying Trujillo's claim.

American Family argues that bifurcation of Trujillo's claims is appropriate to avoid prejudice from allowing a jury to hear evidence on both claims, to provide convenience and judicial economy for the court, and to prevent jury confusion. American Family also argues that Trujillo is improperly seeking unnecessary depositions that relate to the bad faith claim and requests that discovery for the two claims also be bifurcated.

Conversely, Trujillo argues that American Family failed to meet the burden of convincing the court to separate the claims and that the issues are too interrelated to separate them at trial. Specifically, Trujillo contends that American Family fails to show undue prejudice and separation would not further judicial economy or convenience for the parties.

## II. DISCUSSION

The standard for bifurcating a trial comes from Rule 42(b) which provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."[1] The moving party bears the burden of convincing the court to exercise its discretion in separating a trial.[2]

---

[1] Fed. R. Civ. P. 42(b) (2007).

[2] *F & G Scrolling Mouse, L.L.C. v. IBM Corp.*, 190 F.R.D. 385, 387 (M.D.N.C. 1999); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, 2006 U.S. Dist. WL 3193435 at *2 (E.D. Ky. Nov. 2, 2006).

Bifurcation is not the standard in a typical case.[3] The moving party bears the burden of persuading the Court that a separate trial is appropriate because a single trial generally is more convenient, subject to fewer delays, and is less costly than multiple trials.[4] Courts balance the potential prejudice to parties, convenience, and judicial economy on a case-by-case basis to make a decision that is "'most likely to result in a just final disposition of the litigation.'"[5] The Court will discuss prejudice, judicial economy and convenience, and bifurcation of discovery.

A.  Prejudice

The Court may order a separate trial to "avoid prejudice."[6] American Family argues that concurrently presenting evidence regarding the express breach and bad faith claims would improperly prejudice its case. Indeed, American Family asserts that the evidence for the two claims is separate. The evidence in the express breach claim will revolve around whether the damages suffered by Trujillo exceeds the $125,000 she already received. The bad faith claim deals with American Family's actions in denying Trujillo's claim pursuant to her under-insured motorist policy. Specifically, American Family argues that evidence regarding settlement evaluations and negotiations that would pertain to the bad faith claim have no relevance to the express breach claim. American Family asserts that this settlement evidence would be prejudicial

---

[3]*Sensitron, Inc. v. Wallace*, 504 F.Supp. 2d 1180, 1186 (D. Utah 2007).

[4]*Id.*; *Hoskins*, 2006 WL 3193435 at *2.

[5]*Hadi v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2259298 at * 1 (S.D. Ohio Aug. 3, 2007) (quoting *Hoffman v. Merrell Dow Pharmaceuticals (In re Bendectin Litig.)*, 857 F.2d 290, 307 (6th Cir.1988)).

[6]Fed. R. Civ. P. 42(b).

in a jury's deliberations of the express breach claim. Furthermore, Rule 408 of the Federal Rules of Evidence precludes admission of settlement evidence in typical personal injury cases.

In *State Farm Mutual Automobile Insurance Company v. Wilborn*,[7] a Texas appellate court reversed the trial court's decision to try a bad faith and express breach of contract claim together. The facts in *Wilborn* are very similar to the case at bar. There, the insurance policy was for an uninsured motorist rather than an under-insured motorist policy. The appellate court ordered separate trials to allow the evidence of settlement negotiations to be presented only in the bad faith claim.[8] The court reasoned that admitting the evidence of settlement negotiations in the breach of contract claim would violate the rule of evidence that settlement negotiations are inadmissible in order to establish liability.[9]

Trujillo counters American Family's arguments by indicating that American Family's basis for prejudice is insufficient to warrant bifurcation. In *Hadi v. State Farm Mutual Auto Insurance Co.*, the court denied State Farm's Motion to Bifurcate because State Farm failed to demonstrate that it would be prejudiced by not bifurcating the bad faith claim from Hadi's other claims.[10] The court explained that the other claims were against State Farm, and each arose out of

---

[7]835 S.W.2d 260 (Tex. App. 1992).

[8]*Id.* at 262.

[9]*Id.*

[10]*Hadi*, 2007 WL 2259298 at *2.

the same series of events. Indeed, much of the plaintiff's evidence was relevant to all of the claims including the bad faith claim.[11]

Trujillo argues that the evidence here applies to both claims.[12] The bases for both claims arise out of the same accident. To avoid confusion, Trujillo argues that limiting jury instructions could be employed to ensure the jury only uses the settlement evidence in deciding the bad faith claim.[13] In response, American Family argues that a limiting instruction would be insufficient and that once the prejudicial evidence is offered the court cannot "unring the bell"[14] in the minds of jurors regarding the prejudicial evidence. Moreover, this Court has recognized that even a limiting instruction may not be enough to mitigate the potential for prejudice in certain circumstances.[15]

American Family argues that separate trials of breach of contract and tort claims are necessary to avoid potential prejudice.[16] In *Schmidt v. California State Auto Ass'n*, the court cited to a case from the Rhode Island Supreme Court holding that a failure to sever a breach of contract claim and a bad faith claim is per se abuse of discretion.[17] Similarly, the *Schmidt* court

---

[11]*Id.*

[12]Docket No. 23 at 4.

[13]Docket No. 23 at 5; *Corrigan v. Methodist Hosp.*, 160 F.R.D. 55, 57 (E.D. Pa. 1995).

[14]Docket No. 24 at 5; *Maness v. Meyers*, 419 U.S. 449, 460 (1974).

[15]*Clark v. Wilkin*, 2008 WL 2776104 at *3 (D. Utah July 14, 2008).

[16]*Schmidt v. Cal. State Auto. Ass'n*, 127 F.R.D. 182, 185 (D. Nev. 1989).

[17]*Id.* (citing *Corrente v. Fitchburg Mut. Fire Ins. Co.*, 557 A.2d 859 (R.I. 1989)).

cited an Eleventh Circuit case noting that if a tort claim was predicated on a breach of contract claim, a failure to sever the claims might be an abuse of discretion.[18] After discussing these authorities, the court in *Schmidt* held that severance was proper to eliminate any potential prejudice and any duplicity from severance would not be unduly burdensome.[19]

Additionally, American Family claims bifurcation is appropriate because Trujillo's bad faith claim is subject to a "fairly debatable" defense. A fairly debatable defense is a defense against a bad faith claim that precludes liability when an insurer has a reasonable basis to dispute a claim.[20] Moreover, American Family asserts, without any supporting case law,[21] that a fairly debatable defense precludes liability even if the decision to not pay on the claim is later determined to be incorrect. Therefore, American Family argues that evidence regarding the fairly debatable defense could be prejudicial and would be inapplicable to Trujillo's damages claim.

While this last line of argument is incorrect because, as discussed below, under Utah law, a bad faith claim is not necessarily predicated on liability for a breach of contract,[22] the risk of prejudicial evidence is sufficient to preclude evidence of the insurance claim handling process

---

[18]*Id.* (citing *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985)).

[19]*Id.*

[20]*See Prince v. Bear River Mut. Ins. Co.*, 56 P.3d 524, 533-35 (Utah 2002); *Callioux v. Progressive Ins. Co.*, 745 P.2d 838, 842 (Utah Ct. App. 1987).

[21]Docket No. 20 at 8.

[22]*See* discussion *infra* Sec. III.B; *see also Christiansen v. Farmers Ins. Exch.*, 116 P.3d 259, 262 (Utah 2005).

from being presented in the same trial as the breach of contract claim. Prejudice would be especially heightened if Trujillo can show that the underlying claim decision was incorrect.

This case is more similar to *Wilborn* than *Hadi*. As was the case in *Wilborn*, the main issue here is whether evidence of settlement negotiations should be allowed in deciding the breach of contract claim. *Hadi* does not apply because American Family has asserted a valid basis for prejudice. If a jury were to disagree with American Family's approach in settlement negotiations or claim handling procedures, the jury may find for Trujillo on that basis rather than based on her damages being sufficient. This type of prejudice is a reality.

American Family's arguments regarding prejudice are persuasive. American Family has asserted sufficient grounds for prejudice to warrant bifurcation. In the normal course of determining liability for a claim, evidence regarding the underlying settlement negotiations would be inadmissible under Rule 408 of the Federal Rules of Evidence. While it would be proper for the jury to hear evidence on settlement negotiation regarding a bad faith claim, such evidence could prejudice a jury in its determination of the express breach of contract claim. This evidence of settlement negotiations and the claims handling process is part of American Family's fairly debatable defense that would be presented in opposition to the bad faith claim. To provide American Family with a fair and just trial, the jury should not hear evidence regarding settlement negotiations before deciding the express breach of contract claim.

Moreover, the fact that American Family was not the source of Trujillo's damages in the motor vehicle accident weighs in favor of separating the bad faith and breach of contract claims. Neither party discussed this point thoroughly; however, if the jury were to hear both claims

together, it might be incited to find for the plaintiff based solely on her physical damages. Similarly, a punitive damages award could certainly be influenced by physical damages rather than based on American Family's actions. Separation would further insulate the determination of Trujillo's damages, which would be the focus of the breach of contract claim, from American Family's handling of the under-insured motorist claim, which would be the focus of the bad faith claim. Therefore, the Court will separate the breach of contract and bad faith claims to avoid undue prejudice.

B.  Judicial Economy and Convenience

Rule 42(b) also allows a court to balance judicial economy and convenience in deciding whether to bifurcate a trial. American Family argues that the existence of a separate defense to the bad faith claim would make trying both claims together too confusing and would improperly interject the settlement negotiations process. Separating the settlement negotiations evidence is appropriate as discussed above. However, excessive confusion is an unpersuasive argument because there is no reason American Family cannot use separate defenses for each claim. For that matter, American Family is free to employ any number of defenses even for the same claim. The risk of confusing the jury regarding a fairly debatable defense is slight. A jury could easily separate defenses with appropriate jury instructions.

Under Utah law, a bad faith claim is not necessarily predicated on liability for a breach of contract.[23] American Family asserts that a finding of liability in the bad faith claim is predicated

---

[23]*See Christiansen*, 116 P.3d at 262 (Utah 2005).

on liability for the breach of contract claim.[24] American Family asserts that if Trujillo is unable to show that damages exceed $125,000 in the breach of contract claim, Trujillo's claim for bad faith will fail. However, the Utah Supreme Court rejected this argument.[25] In *Christiansen*, the court indicated that such a holding would provide no recourse for a plaintiff with whom an insurance company, under such a rule, refused to bargain and settle in good faith merely because the plaintiff did not prevail under the breach of contract claim. The Utah Supreme Court further reasoned that an insurance company could escape liability from its failure to honor the duty of good faith to bargain or settle a claim by ultimately paying the claim, regardless of any delay or inappropriate behavior in the settlement process.[26] Thus, Trujillo may be able to proceed with her bad faith claim even absent a finding of liability on the express breach of contract claim because an insurer having breached its contract is not a prerequisite to a finding of bad faith.[27]

Finally, even when a court decides to bifurcate a trial into separate phases, the same jury should ordinarily hear both phases.[28] In *Carlson*, the Wyoming Supreme Court granted a new trial because a bifurcated trial was heard before two separate juries. The court held that because

---

[24]Docket No. 24 at 3.

[25]*Christiansen*, 116 P.3d at 262.

[26]*Id.*

[27]*Id.*

[28]*Carlson v. Carlson*, 836 P.2d 297, 306 (Wyo. 1992).

the claims were so interwoven, a separate trial and juries denied the parties a fair trial and that the preferred practice appears to be to allow the same jury to hear both trials.[29]

The Court finds that the risk of prejudice to American Family warrants trying the two claims separately. However, the Court also finds that judicial economy would be best served by separating the claims while still having the same jury hear both claims. By separating the claims while still allowing the same jury to hear both phases, the Court strikes a position that equally addresses each parties' concerns. American Family will be saved from the jury hearing evidence on settlement negotiations and the claims handling process until after the determination of the express breach of contract. Trujillo will be saved from providing evidence of damages in two entirely separate trials. Using the same jury will eliminate the necessity for repetitive testimony, making the trial more cost effective for both parties. The Court will be able to proceed with the case in a more efficient manner than trying the claims in two trials before two juries. The separation of claims with the same jury hearing both claims provides judicial economy and convenience for the Court.

C.  Bifurcation of Discovery

Separating trials and discovery on claims should be a last resort.[30] Proceeding separately on discovery for two related claims can be expensive and time consuming. In *Ring v. Commercial Union Insurance Company*, the court considered it a better policy to allow discovery

---

[29] *Id.*

[30] *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 657-58 (M.D. N.C. 1995).

on both the contract and bad faith claims because the plaintiff made a sufficient showing on both claims.[31]

American Family filed an amended Motion to Bifurcate to request that discovery for the two claims also be bifurcated. American Family argues that Trujillo has attempted to depose any American Family employee that is remotely related to Trujillo's under-insured motorist claim. However, American Family provided little by way of support to justify a stay of discovery.[32] Trujillo's opposition to bifurcation of discovery echoes her arguments on American Family's principal motion. Trujillo further supports her reasons for requesting depositions of individuals involved in processing Trujillo's claim.

In this matter, Trujillo is entitled to pursue discovery on both claims. Trujillo's pleading provides a sufficient basis for each claim. As noted above, the two claims are severable and a finding of liability in the breach of contract claim is not a prerequisite for the bad faith claim.[33] Accordingly, separation of discovery would not provide judicial efficiency because the claims will be tried before the same jury in the same time frame.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Bifurcate (Docket No. 19) is GRANTED and the same jury will hear both claims in two separate but consecutive phases. It is further

---

[31]*Id.* at 657.

[32]The issue regarding the scope of Trujillo's discovery requests is now the subject of a Motion to Compel Discovery and a Motion for Protective Order.

[33]*Christiansen*, 116 P.3d at 262.

ORDERED that Defendant's Amended Motion to Bifurcate Discovery (Docket No. 26) is DENIED.

DATED   February 20, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge